# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDY SIMMONS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV415-060 |
| GREGORY MCLAUGHLIN, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Randy Simmons was convicted of, *inter alia*, malice murder and sentenced to life imprisonment without the possibility of parole. Doc. 1 at 1. Presently before the Court is his 28 U.S.C. § 2254 petition attacking that conviction and sentence. *Id.* Respondent contends that the petition should be dismissed as untimely. Doc. 9.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period generally runs from "the date on which the [state] judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). A state criminal judgment becomes final " 'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.' " *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)).

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Simmons was sentenced on March 30, 2005. Doc. 1 at 1. The Supreme Court of Georgia denied his direct appeal on June 25, 2007. *Id.* at 2. He did not petition for a writ of certiorari from the United States Supreme Court within the 90-day deadline. *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1). His one-year clock therefore began to tick on September 23, 2007, 90 days after the Georgia Supreme Court's decision. He did not seek state habeas relief until June 25, 2008, 276 days later. Doc. 1 at 3; doc. 10-1 at 1 (state habeas petition). It was decided adversely on June 17, 2013. Doc. 10-5 at 1 (final order denying state habeas relief).

The Supreme Court of Georgia denied Simmons probable cause to appeal on February 16, 2015, holding that his application for a certificate of probable cause ("CPC") was untimely filed because he failed to submit either the filing fee or an affidavit of indigency until fifteen days after the deadline for filing his application. Doc. 10-6 at 1. He filed his § 2254 petition here on March 10, 2015. Doc. 1.

Although only 36 days passed between the Supreme Court of Georgia's decision denying Simmons' application for a CPC and his § 2254 petition, respondent contends that much of the time between Simmons'

application for a CPC and its dismissal should not be tolled. Doc. 9-1 at 7. Respondent is correct.

Simmons was required to submit a properly filed application for a CPC to the Supreme Court of Georgia within 30 days of the denial of his habeas petition. O.C.G.A. § 9-14-52(b). Hence, he had until July 17, 2013 to submit his CPC application. He did not submit his affidavit of indigency until July 31, 2013. Doc. 10-6 at 1.[1]

Because petitioner did not comply with the state-law requirements that he submit either the filing fee or proof of indigency with his application for a CPC, it was not properly filed, and only "a properly filed application for State post-conviction or other collateral review" tolls the federal limitations period under 28 U.S.C § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery . . . and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "[A]

---

[1] Notably, Simmons appears to recognize that he failed to timely file his affidavit of indigency. *See* doc. 11 at 2 (detailing the filing of his application for CPC on July 17, 2013, its return to petitioner for failure to include the filing fee or an affidavit of indigency, and petitioner's subsequent submission of the application with an affidavit "to correct error which exceeded the 18th day of July [2013] within allotted time span").

4

petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." *Hill v. Jones*, 242 F. App'x 633, 635 n. 6 (11th Cir. 2007) (citing *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003)). And Georgia law states that "[t]he Clerk [of the Supreme Court of Georgia] is prohibited from receiving or filing an application . . . unless the costs have been paid" or sufficient evidence of indigency is filed. Ga. Sup. Ct. R. 5; *see also Fullwood v. Sivley*, 271 Ga. 248, 254 (1999) (requirement that application for certificate of probable cause to appeal be submitted timely in accordance with state law is jurisdictional).

Simmons' application was not "properly filed" under 28 U.S.C. § 2244(d)(2), and thus did not toll the statute of limitations, because he did not submit a complete application, including an affidavit of indigency, to the Supreme Court of Georgia until fifteen days after the July 17, 2013 filing deadline. *See Artuz*, 531 U.S. at 8; *Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1270–71 (11th Cir. 2012) (holding petition filed without the filing fee or a motion to proceed *in forma pauperis* in accordance with state rules was not "properly filed" under § 2244(d)(2)

and did not toll the statute of limitations). Moreover, this Court is "bound by the state court's determination that the appeal was untimely because a petitioner's state court habeas corpus filing is not properly filed within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." *Hill*, 242 F. App'x at 635 n. 6 (quoting *Stafford* 328 F.3d at 1305) (quotes omitted).

Because Simmons failed to "properly file" his application for a CPC, the clock restarted on July 17, 2013, 30 days after his state habeas petition was denied. O.C.G.A. § 9-14-52(b). That means 602 days elapsed between the last day Simmons had to file his application for a CPC and the day he filed the present § 2254 petition (March 10, 2015). Those 602 days, once added to the 276 days that ticked off the federal habeas clock before Simmons sought state post-conviction relief, mean his petition is almost 1.5 years too late. Simmons does not invoke equitable tolling, but even if he did, the record discloses no circumstances sufficiently extraordinary to justify it since the error was garden variety negligence neither beyond Simmons' control nor unavoidable even with due

diligence. *Hill*, 242 F. App'x at 636.[2]

Respondent's motion to dismiss (doc. 9-1) should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a

---

[2] Simmons' claims also are unexhausted. Normally, a federal habeas court faced with unexhausted claims will dismiss the petition without prejudice and require the petitioner to exhaust his claims in state court before resubmitting them in a federal habeas petition. *See Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Id.*

"[W]hen a petitioner has failed to exhaust his claim by failing to present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar" to consideration in a subsequent federal habeas proceeding. *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)). Relevant to this case, Georgia considers claims procedurally defaulted when a petitioner has failed to properly file an application for a certificate of probable cause in the Georgia Supreme Court. *Clements v. Medlin*, 2015 WL 668704 at * 2 (S.D. Ga. Feb. 17, 2015) (citing *Fulwood v. Sivley*, 271 Ga. 248, 250 (1999)). And when claims are procedurally defaulted, the Court should treat them as no basis for federal habeas relief absent a showing of (1) cause and prejudice, or (2) a fundamental miscarriage of justice based on actual innocence. *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998); *see Johnson v. Singletary*, 938 F.2d 1166, 1174–75 (11th Cir.1991) (discussing federal exception to procedural default rule as established in *Wainright v. Sykes*, 433 U.S. 72, 90-91 (1977)); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Simmons has shown neither.

notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 14th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA